## W. J. Maddock et al. *v.* United States

**No. 5433.**—Invoices dated Paris, France, August 7, 1939, etc.
Certified August 8, 1939, etc.
Entered at New York August 15, 1939, etc.
Entry No. 718400, etc.

(Decided September 10, 1941)

*Strauss & Hedges (Hadley S. King* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

Oliver, Presiding Judge: The appeals to reappraisement listed in schedule A hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated and agreed by and between attorneys for the parties hereto, subject to the approval of the court that the merchandise covered by the reappraisements set forth in Schedule A hereto annexed and made a part hereof consists of bottles similar in all material respects to the merchandise the subject of *United States* v. *Guerlain Inc.*, decided in C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise covered by the reappraisements enumerated in Schedule A is the same as the issue involved in the case of *United States* v. *Guerlain, Inc., supra.*

It is further stipulated and agreed as to bottles Nos. 334 and 336 that the invoice prices plus 10% plus the cost of cases and packing are equal to the costs of materials, fabrication, manipulation or other processes employed in manufacturing or producing such merchandise, plus the usual general expenses (not less than ten per centum), plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States and plus an addition for profit (not less than eight per centum) equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

It is further stipulated and agreed as to the balance of the merchandise covered by the appeals to reappraisement set forth in Schedule A that the invoice prices plus 10%, plus 15%, plus the cost of cases and packing, are equal to the costs of materials, fabrication, manipulation or other processes employed in manufacturing or producing such merchandise, plus the usual general expenses (not less than ten per centum), plus the cost of all containers, coverings and other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States and plus an addition for profit (not less than eight per centum) equal to the profit which ordinarily is added to the cost of merchandise of the same character by manufacturers or producers in the country of manufacture who are engaged in the manufacture of merchandise of the same class or kind.

It is further affirmed by the undersigned, Hadley S. King, member of the firm of Strauss & Hedges, counsel for the plaintiff, that the reappraisements covered by this stipulation have been examined by him and that said reappraisements have been duly signed and filed in the statutory time. The reappraisements enumerated in Schedule A hereto attached are submitted on this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are as follows:

As to bottles 334 and 336 the invoice prices, plus 10 per centum, plus the cost of cases and packing.

As to all other merchandise involved the invoice prices, plus 10 per centum, plus 15 per centum, plus the cost of cases and packing. Judgment will be rendered accordingly.